IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIVE AMERICAN ARTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07CV7109 |
| | ) | |
| A.J. WRIGHT, a Division of THE TJX COMPANIES, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO DISMISS

Defendant Concord Buying Group, Inc. d/b/a A.J. Wright (incorrectly identified in the complaint as A.J. Wright, a Division of the TJX Companies, Inc.) ("A.J. Wright"), by its attorneys, moves to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).  In support of this motion, A.J. Wright submits and incorporates the accompanying memorandum of law, and further states as follows:

1. Native American Arts, Inc. ("NAA") claims that A.J. Wright violated The Indian Arts and Crafts Enforcement Act of 2000 ("IACA") by selling products at stores in Melrose Park, Chicago, River Grove, Lansing, Calumet Park, Matteson and Harvey, Illinois, in a manner that falsely suggested that the products were of genuine Indian origin or Indian-made.  *See* Compl. ¶¶ 10-19.  NAA asserts that it is a wholly Indian-owned arts and crafts organization, and that it has somehow been damaged by A.J. Wright's actions.  *Id.* ¶¶ 3, 28.  The allegations of the complaint, however, fail to provide a plausible basis for subject matter jurisdiction.

2. Federal Rule of Civil Procedure 12(b)(1) requires the Court to dismiss a lawsuit if there is a lack of subject matter jurisdiction.  When analyzing the pleadings for purposes of a 12(b)(1) motion, the Court should apply the same standards as a Rule 12(b)(6) motion to dismiss.

*Johnson v. Joliet Junior College*, 2007 WL 1119215 (N.D. Ill. April 10, 2007) (Andersen, J.). As such, A.J. Wright submits that the Court should review the complaint pursuant to the precedent of *Bell Atlantic v. Twombly*, 127 S.Ct. 1955 (2007) and its progeny. *See generally, Village of Riverdale v. 138th Street Joint Venture,* 2007 WL 2893655, *5 (N.D. Ill. Sept. 25, 2007) (Coar, J.) (the court considered defendant's *Bell Atlantic* argument in connection with a 12(b)(1) motion, but declined to expressly state whether *Bell Atlantic* would necessarily apply to a 12(b)(1) motion).[1]

       3.      In the context of a 12(b)(1) motion, *Bell Atlantic* requires that NAA's allegations must set forth a plausible basis for standing sufficient to establish subject matter jurisdiction. *See Bell Atlantic*, 127 S. Ct. at 1959; *Zitzka v. Village of Westmont*, 2007 WL 3334336, *2 (N.D. Ill. Nov. 6 2007) (Schenkier, J.) (after *Bell Atlantic*, the allegations of a complaint must "create not just the possibility, but the plausibility, of entitlement to relief"). The Seventh Circuit has interpreted this to mean that the allegations must be more than "sketchy" in order to survive dismissal. *See Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F. 3d 663, 667 (7th Cir. 2007); *Killingsworth v. HSBC Bank Nevada, NA*, 507 F. 3d 614, 616 (7th Cir. 2007).

       4.      NAA's allegations concerning standing are so sketchy that they do not satisfy the applicable pleading standards. NAA has failed to allege a plausible basis for believing that it suffered an injury-in-fact, or that its claimed injuries are fairly traceable to this defendant. Without this information, plaintiff lacks standing, and cannot be allowed to proceed with this lawsuit. *See generally, Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992); *Native American Arts, Inc. v. Specialty Merchandise Corp*., 451 F. Supp. 2d 1080 (C.D. Cal. 2006).

---

[1] A.J. Wright acknowledges that in *Native American Arts, Inc. v. Finding King*, 06 CV 06143, this Court rejected a motion to dismiss raising standing issues. However, the motion in *Finding King* was filed prior to the decision in *Bell Atlantic*, and the subsequent briefs did not address the clarified pleading standard from *Bell Atlantic* and how that would impact a 12(b)(1) motion. A.J. Wright submits that *Bell Atlantic* should apply to the 12(b)(1) analysis.

WHEREFORE, for the reasons set forth herein and in the accompanying memorandum of law, A.J. Wright respectfully requests that plaintiff's complaint be dismissed, and that the Court provide for such further relief as the Court deems just and proper.

> Respectfully submitted,
>
> **Defendant Concord Buying Group, Inc.
> d/b/a A.J. Wright**
>
> By: /s Matthew S. Miller
> One of its attorneys

Matthew S. Miller (#6237701)
Cassandra M. Crane (#6288406)
**Much Shelist Denenberg
  Ament & Rubenstein, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606-1615
312-521-2000