IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| NATIVE AMERICAN ARTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07CV7109 |
| | ) | |
| A.J. WRIGHT, a Division of THE TJX COMPANIES, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant Concord Buying Group, Inc. d/b/a A.J. Wright (incorrectly identified in the complaint as A.J. Wright, a Division of the TJX Companies, Inc.) ("A.J. Wright"), by its attorneys, submits this Memorandum of Law in Support of its Motion to Dismiss.

**Introduction**

This case is one of at least eighty-one lawsuits filed by Native American Arts, Inc. ("NAA") in the Northern District of Illinois for alleged violations of The Indian Arts and Crafts Enforcement Act of 2000 ("IACA"). In what has become a cottage industry, NAA files boilerplate complaints and drags defendants into court based on the flimsiest of allegations. There is something unsettling about this sort of shotgun litigation, and the court should ensure that NAA has standing before allowing this case to proceed. In considering the issue of standing, the court should apply the pleading standards as clarified in *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007). Although *Bell Atlantic* dealt with Federal Rule of Civil Procedure 12(b)(6), the same standards apply when analyzing a complaint for subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Based on *Bell Atlantic,* this Court should not allow

NAA to proceed with this lawsuit without first requiring NAA to provide a plausible basis for believing that it has suffered an injury-in-fact that is traceable to A.J. Wright.

## Facts

According to the allegations of the complaint, NAA is a wholly Indian-owned arts and crafts organization involved in the sale of authentic Indian arts and crafts. *See* Compl. ¶ 3. NAA describes A.J. Wright as a retailer, wholesaler and/or supplier engaged in selling arts and crafts, including products in a traditional Indian style. *Id.* ¶ 4.[1] NAA claims that A.J. Wright sold products at stores in Melrose Park, Chicago, River Grove, Lansing, Calumet Park, Matteson and Harvey, Illinois, in a manner that falsely suggested that the products were of genuine Indian origin or Indian-made. *See* Compl. ¶¶ 10-19. NAA further claims that it suffered lost sales, decreased prices and loss of goodwill as a result of A.J. Wright's alleged conduct. *Id.* ¶ 28. Based on these general allegations, NAA has sued A.J. Wright for damages in excess of eleven million dollars for allegedly violating the IACA.

## Argument

Federal Rule of Civil Procedure 12(b)(1) requires the Court to dismiss a lawsuit if there is a lack of subject matter jurisdiction. "A motion to dismiss pursuant to Rule 12(b)(1) is reviewed under the same standards as a Rule 12(b)(6) motion to dismiss, except that, when determining subject matter jurisdiction, the court may look beyond the allegations of the complaint and view other submitted evidence." *Johnson v. Joliet Junior College*, 2007 WL 1119215 (N.D. Ill. April 10, 2007) (Andersen, J.). The standards used in analyzing a 12(b)(6) motion were recently clarified in *Bell Atlantic v. Twombly*, 127 S.Ct. 1955 (2007), and defendant submits that these clarified standards should be applied to 12(b)(1) motions. *See generally, Village of Riverdale v. 138th Street Joint Venture,* 2007 WL 2893655, *5 (N.D. Ill. Sept. 25, 2007) (Coar, J.) (the court

---

[1] A.J. Wright is part of The TJX Companies, a leading off-price apparel and home fashions retailer.

considered defendant's *Bell Atlantic* argument in connection with a 12(b)(1) motion, but declined to expressly state whether *Bell Atlantic* would necessarily apply to a 12(b)(1) motion).[2]

When considered in the context of a 12(b)(1) motion, *Bell Atlantic* requires that NAA's allegations must set forth a plausible basis for standing sufficient to establish subject matter jurisdiction. *See Bell Atlantic*, 127 S. Ct. at 1959; *Zitzka v. Village of Westmont*, 2007 WL 3334336, *2 (N.D. Ill. Nov. 6 2007) (Schenkier, J.) ("after *Bell Atlantic*, a plaintiff now has the burden of showing that the allegations . . . create not just the possibility, but the plausibility, of entitlement to relief"). Although *Bell Atlantic* did not create a fact-pleading standard, it did announce a standard that would require more than labels and conclusions, and more than a formulaic recitation of the elements. *See Bell Atlantic*, 127 S. Ct. at 1964-65. The Seventh Circuit has interpreted this to mean that the allegations must be more than "sketchy" in order to survive dismissal. *See Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F. 3d 663, 667 (7th Cir. 2007); *Killingsworth v. HSBC Bank Nevada, NA*, 507 F. 3d 614, 616 (7th Cir. 2007). In this case, NAA's allegations, as they pertain to standing, are so sketchy that they do not satisfy the applicable pleading standards.

### The Complaint Should be Dismissed Because NAA has Failed to Provide a Plausible Basis for Standing

To satisfy the standing requirements of Article III of the United States Constitution, NAA must sufficiently plead three things: (i) that it has suffered an injury-in-fact that is concrete and particularized and actual or imminent, as opposed to conjectural or hypothetical; (ii) that the injury is fairly traceable to the challenged action of A.J. Wright; and (iii) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v.*

---

[2] A.J. Wright acknowledges that in *Native American Arts, Inc. v. Finding King*, 06 CV 06143, this Court rejected a motion to dismiss raising standing issues. However, the motion in *Finding King* was filed prior to the decision in *Bell Atlantic*, and the subsequent briefs did not address the clarified pleading standard from *Bell Atlantic* and how that would impact a 12(b)(1) motion. A.J. Wright submits that *Bell Atlantic* should apply to the 12(b)(1) analysis.

*Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "Each element of standing must be supported by more than 'unadorned speculation.'" *Perkins v. Neal*, 2007 3087201, *1 (N.D. Ill. Oct. 19, 2007) (Andersen, J.) (quoting *O'Sullivan v. City of Chicago*, 396 F. 3d 843, 852 (7th Cir. 2005)). NAA has failed to sufficiently plead a concrete and particularized injury-in-fact, or that its alleged injuries are traceable to A.J. Wright. *See also infra Native American Arts, Inc. v. Specialty Merchandise Corp.*, 451 F.Supp. 2d 1080, 1082 (C.D. Cal. 2006). That is a fatal flaw. In order for NAA to invoke the jurisdiction of this Court, it must be able to establish an injury-in-fact specific to it—NAA cannot simply use the courts to generically enforce the IACA. *See, e.g., Lujan*, 504 U.S. at 562 (despite citizen enforcement provisions of the Endangered Species Act, a plaintiff must nevertheless be able to establish a direct injury in order to have standing).

In *Native American Arts, Inc. v. Specialty Merchandise Corp.*, 451 F.Supp. 2d 1080 (C.D. Cal. 2006),[3] the court held that NAA's conclusory allegations of competitive or advertising injury and other damages were insufficient to establish an injury-in-fact. *Id.* at 1082. Although the court commented that injuries such as lost sales or price erosion could be sufficient to satisfy the injury-in-fact requirement, such allegations would have to be "properly alleged in the Complaint in compliance with Fed.R.Civ.P. 11(b)(3)." *Id.* The court cautioned that NAA should not be led to believe that the statutory damages of the IACA might somehow provide a substitute for the elements of standing:

> Although plaintiff may not ever be called upon **under the IACA** to prove any actual damages in this action, Article III of the United States Constitution requires proof of such damages in order to have access to the federal courts to establish and collect upon such a claim.

*Id.* at 1083 (emphasis in original).

---

[3] Although this Court considered *Specialty Merchandise* in connection with a motion to dismiss presented in *Native American Arts, Inc. v. Finding King*, 06 CV 06143, that motion was filed prior to the Supreme Court's decision in *Bell Atlantic*, and the parties did not discuss the pleading issues in light of the *Bell Atlantic* opinion.

4

Unfortunately, NAA has failed to heed the court's caution in *Specialty Merchandise*. Rather than pleading sufficient facts to support standing, NAA continues to rely on conclusory allegations. The only difference between the allegations in *Specialty Merchandise* as compared to this lawsuit is that NAA has changed the verbiage in the complaint. In *Specialty Merchandise*, NAA apparently relied on allegations of advertising and competitive injury, and in this case NAA has relied on allegations of lost profits, price erosion and loss of goodwill. *See* Compl. ¶ 28. This repackaging, however, is a matter of form over substance. No matter the label, NAA's allegations remain entirely conclusory and devoid of detail sufficient to meet the standing requirements. This shortcoming is even more glaring when viewed under the light of *Bell Atlantic* and its progeny. NAA's sketchy allegations of injury-in-fact fall far short of meeting the plausibility standard.

In addition to the deficiencies concerning injury-in-fact, NAA has failed to allege a plausible basis for establishing that its claimed harm is fairly traceable to A.J. Wright. *See Lujan*, 504 U.S. at 560 (plaintiff's alleged injuries must be traceable to the defendant and not the result of action by some third party). For instance, NAA has failed to allege facts to suggest that its injuries were caused by A.J. Wright as opposed to any of the eighty other defendants who have been sued by NAA in this district, not to mention the countless defendants sued in other districts. It defies logic and common sense to assume that all eighty defendants in this district caused the same injury to NAA. Since NAA relies on a form complaint in each lawsuit, the Court should be skeptical of NAA's generic allegations. If NAA cannot set forth a plausible basis for believing that its claimed injuries are fairly traceable to this defendant, then the Court should not allow this case to proceed.

**Conclusion**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), plaintiff's complaint should be dismissed due to a lack of subject matter jurisdiction.

          Respectfully submitted,

          **Defendant Concord Buying Group, Inc.
d/b/a A.J. Wright**

    By:   /s Matthew S. Miller
           One of its attorneys

Matthew S. Miller (#6237701)
Cassandra M. Crane (#6288406)
**Much Shelist Denenberg
  Ament & Rubenstein, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606-1615
312-521-2000