| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2892 | **DATE** | 1/16/2002 |
| **CASE TITLE** | Native American Arts vs. Giftmart Trading Post, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)    ☐ General Rule 21    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant, El Paso Trading Post, Inc.'s motion for judgment on the pleadings (6-1) is denied for the reasons set forth on the reverse side of this minute order.
(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | MPJ | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

Native American Arts, Inc. ("NAA"), filed a two-count complaint alleging violations of the Indian Arts and Crafts Act, 25 U.S.C. § 305e(a) ("IACA"), which prohibits the display for sale or sale of a good in a manner that falsely suggests it is Indian produced. Defendant El Paso Trading Post, Inc. ("El Paso"), filed an answer to the complaint and moves for judgment on the pleadings on the grounds that this suit is duplicative of another case against it pending before Judge Shadur, *NAA v. Bear Tracks, Inc. et al.*, 01 C 1618 (N.D. Ill. filed 3/7/01). However, I take judicial notice of the fact that El Paso was voluntarily dismissed from that action without prejudice on August 22, 2001, after the instant motion was filed, so this case is no longer duplicative and dismissal on that basis is not warranted.

In the alternative, El Paso argues that the IACA is unconstitutional. The constitutionality of the IACA has been upheld by five courts in this district. *See Native American Arts, Inc. v. Bundy-Howard, Inc.*, No. 01 C 1618, 2001 WL 1246376, at *7 (N.D. Ill. Oct. 15, 2001) (Shadur, J.); *Native American Arts, Inc. v. The Alchemists, Inc.*, No. 01 C 2371, slip op. (N.D. Ill. Oct. 1, 2001) (Gettleman, J.); *Native American Arts, Inc. v. Earth Dweller, Ltd.*, No. 01 C 2370, 2001 WL 910394, at *5 (N.D. Ill. Aug. 10, 2001) (Conlon, J.); *Ho-Chunk Nation v. Nature's Gifts, Inc.*, No. 98 C 3951, 1999 WL 169319, at *5 (N.D. Ill. Mar. 19, 1999) (Holderman, J.); *Native American Arts, Inc. v. Village Originals, Inc.*, 25 F. Supp. 2d 876, 881 (N.D. Ill. 1998) (Manning, J.). Here, El Paso raises procedural and substantive due process challenges to the IACA, and it argues that the regulations promulgated by the Indian Arts and Crafts Board of the Department of the Interior as beyond the Board's authority. El Paso's arguments are identical to those raised by the defendants in *Bundy-Howard*, and I concur with Judge Shadur's thorough analysis and reject the arguments in their entirety. *See Bundy-Howard*, 2001 WL 1246376, at *9.

While this motion was pending, NAA filed an amended complaint, which corrects an error (the original complaint mistakenly attributed Ex. H to El Paso instead of Ex. G; the amended complaint corrects this) and adds counts under the IACA against El Paso. The amended complaint does not affect the constitutional analysis.

Finally, NAA filed a response brief that failed to comply with Local Rule 5.2, which requires all margins to be one inch, and Local Rule 7.1, which says that no brief shall exceed 15 pages without prior approval of the court. NAA's brief was 25 pages, with only half-inch margins all around, and NAA filed no motion for leave to exceed the page limit. Violation of either one of these rules is grounds for striking the brief. Unfortunately, in part because NAA filed no motion for leave to exceed the page limit, I did not discover these transgressions until after El Paso had filed its reply. Striking the response now and requiring El Paso to file another reply would be inefficient for everyone and unfair to El Paso. Accordingly, in all future briefs filed in this case, NAA is limited to 12 pages.