IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIVE AMERICAN ARTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  07CV7109 |
| ) | |
| A.J. WRIGHT, a Division of THE TJX ) | |
| COMPANIES, INC., ) | |
| ) | |
| Defendant. ) | |

**REPLY MEMORANDUM**
**IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant Concord Buying Group, Inc. d/b/a A.J. Wright (incorrectly identified in the complaint as A.J. Wright, a Division of the TJX Companies, Inc.) ("A.J. Wright"), by its attorneys, submits this Reply Memorandum of Law in Further Support of its Motion to Dismiss.

**Plaintiff's Form Complaint Does Not Suffice**

Plaintiff seems to think that because it has cleared the standing hurdle in other cases, none of which addressed *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), it should be given a pass in this case, too.  This argument falls short, though it does underscore that this case is part of plaintiff's serial litigation, based on the same form complaint that plaintiff has churned out time and again.  It stretches the imagination to believe that plaintiff has suffered particularized harm in each and every case, and the Court should be dubious when plaintiff has regurgitated the same boilerplate "standing" allegations in each instance.

The issue boils down to whether the standing allegations should be viewed under the clarified standard articulated in *Bell Atlantic v. Twombly*.  Plaintiff does not deny that 12(b)(1) and 12(b)(6) motions are reviewed under the same standards with respect to the pleadings.  *See*

*Johnson v. Joliet Junior College*, 2007 WL 1119215 (N.D. Ill. April 10, 2007) (Andersen, J.). As such, there is no reason why *Bell Atlantic* should not apply to the issue of standing generally. However, plaintiff argues that *Bell Atlantic* should not apply to this case because this is not an anti-trust case, but that argument carries no weight. The courts, including the Seventh Circuit, have applied *Bell Atlantic* in cases other than anti-trust, and there is no reason to read the decision so narrowly. Indeed, in *Limestone Development Corp. v. Village of Lemont, Illinois*, 520 F.3d 797 (7th Cir. 2008)—the case cited by plaintiff—the court rejected any effort to limit *Bell Atlantic* to anti-trust cases, applied *Bell Atlantic* to a RICO case and focused on the rationale behind the decision rather than the nature of the claims:

> Under *Bell Atlantic*, the complaint in a potentially complex litigation, or one that by reason of the potential cost of a judgment to the defendant creates the "in terrorem" effect against which [*Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723 (1975)] warned, must have some degree of plausibility.

*Id.*, 520 F. 3d at 803. That same logic applies here. Plaintiff has built a cottage industry around IACA[1] litigation, and plaintiff relies on the IACA's damage provisions as a club to create the *in terrorem* effect that courts should guard against.

The Court should require plaintiff to do more than lip synch from prior pleadings before allowing it to proceed with this statutory claim. When this issue is analyzed in the context of *Bell Atlantic*, as it should be, most of plaintiff's arguments miss the mark entirely. The citations to cases that pre-date *Bell Atlantic* do not shed light on the issue at hand, but it is worth noting the courts have never been enamored with the clarity of plaintiff's standing allegations. *See Native American Arts, Inc. v. J.C. Penney Co.*, 5 F. Supp. 2d 599 (N.D. Ill. 1998) ("[i]t is true that NAA's complaint is somewhat vague"). Prior to *Bell Atlantic*, plaintiff's thin and vague

---

[1] "IACA" refers to the Indian Arts & Crafts Act, 25 U.S.C. § 305(e).

2

allegations were sufficient. Not anymore. Plaintiff must now set forth sufficient facts in the complaint to show a plausible basis for standing, and that has not been done.

In an effort to confuse the issue, plaintiff has announced that it will be seeking statutory damages based on defendant's alleged profits rather than damages based on its own losses. *See* Pl.'s Response at 6. That announcement has nothing to do with standing. Plaintiff's damage theories do not replace the normal standing requirements. This was the point made by the Court in *Native American Arts, Inc. v. Specialty Merchandise Corp.*, 451 F.Supp. 2d 1080 (C.D. Cal. 2006), and it is an important point:

> Although plaintiff may not ever be called upon **under the IACA** to prove any actual damages in this action, Article III of the United States Constitution requires proof of such damages in order to have access to the federal courts to establish and collect upon such a claim.

*Id.* at 1083 (emphasis in original).

Plaintiff also has tried to defer the issue of standing to a later date, by claiming that it anticipates hiring an expert to opine on how plaintiff has been damaged by this defendant as opposed to any of the other defendants or any other company. *See* Pl.'s Response at 7. The argument that some unidentified expert will be able to fill the gaps at some later date was expressly rejected in *Specialty Merchandise*, and should be rejected by this Court:

> Counsel's position is not that such an investigation has not yet been conducted; rather, it is that such an investigation is not necessary because injury could be established by expert testimony. The proponent of federal court jurisdiction has the burden of proving the existence of subject-matter jurisdiction. When a defendant challenges the court's subject-matter jurisdiction over a plaintiff's claim, a plaintiff must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." This burden is not satisfied by counsel's vague reference to what expert testimony might, at some unspecified time in the future, reveal. Therefore, it is evident to the Court that an attempt by plaintiff to amend the Complaint to establish standing at this time would be futile, and therefore, the Court does not grant leave to amend the Complaint.

*Specialty Merchandise*, 451 F. Supp. 2d at 1083 (quoting *Association of American Medical Colleges v. United States,* 217 F.3d 770, 778 (9th Cir.2000)).

NAA should not be allowed to skirt by the pleading stage based on vague allegations of standing that might have sufficed before *Bell Atlantic* but do not suffice today, and by deferring to some unknown expert down the road.  NAA can either articulate an injury plausibly traceable to A.J. Wright, or it cannot.  If it cannot—as seems to be the case—then it has no standing and should not be allowed to proceed no matter what its damage theory might be.

### Conclusion

Pursuant to Federal Rule of Civil Procedure 12(b)(1), and for all of the reasons stated in this reply and in defendant's initial memorandum, defendant requests that plaintiff's complaint be dismissed due to a lack of subject matter jurisdiction.

        Respectfully submitted,

        **Defendant Concord Buying Group, Inc.
        d/b/a A.J. Wright**

        By: /s Matthew S. Miller
              One of its attorneys

Matthew S. Miller (#6237701)
Cassandra M. Crane (#6288406)
**Much Shelist Denenberg
  Ament & Rubenstein, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606-1615
312-521-2000

**CERTIFICATE OF SERVICE**

I, Matthew S. Miller, an attorney, certify that on May 30, 2008, I electronically filed **Reply Memorandum in Further Support of Defendant's Motion to Dismiss** with the Clerk of the Court using the CM/ECF system, which will send notification of such filings to the following:

>Michael P. Mullen
>Scott M. Kolosso
>MULLEN & FOSTER
>203 N. Wabash Ave., Suite 2300
>Chicago, IL  60601

>/s/ Matthew S. Miller