**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **NATIVE AMERICAN ARTS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.  07 CV 7109** |
| | ) | |
| **A.J. WRIGHT, a Division of THE TJX** | ) | **Judge Pallmeyer** |
| **COMPANIES, INC.,** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |

## ANSWER

Defendant Concord Buying Group, Inc. d/b/a A.J. Wright ("A.J. Wright"), by its attorneys, answers the Plaintiff's Complaint stating as follows:

## COUNT I

### (Indian Arts and Crafts Act)

1.    This is a suit brought under 25 U.S.C. §305, et seq., and §305e, The Indian Arts and Crafts Act of 1990, and The Indian Arts and Crafts Enforcement Act of 2000 (collectively the "IACA") and jurisdiction is based upon that Federal statute under 28 U.S.C. § 1331 and pendent jurisdiction.

**ANSWER:**    Admits, but denies any violations of the cited statutes.

2.    Venue lies in the Northern District of Illinois, where Defendant conducts business and engages in advertising, marketing, promotion, display and sales of the products alleged herein in the Northern District of Illinois, sold goods into and shipped goods into the Northern District of Illinois, and where most of the events alleged occurred, including but not limited to where the products were purchased from, where marketing and advertising materials were viewed and where the injury occurred.

**ANSWER:**    Admits that venue is proper, lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 2, and therefore denies the same.

3. Native American Arts, Inc. (Native American Arts is a wholly Indian owned arts and crafts organization involved in the manufacture, distribution and sale of authentic Indian arts and crafts with its headquarters in the Northern District of Illinois and is composed of members of

the Ho-Chunk Nation, an Indian tribe recognized by the U.S. Government. Native American Arts meets the definition of an Indian arts and crafts organization as defined in Title 25 U.S.C. §305e and §305 *et. seq*. Native American Arts) has standing to bring this action under the Indian Arts and Crafts Enforcement Act of 2000.

**ANSWER:**    A.J. Wright lacks knowledge or information sufficient to form a belief as to the truth of paragraph 3, and therefore denies the same.

4.    Defendant is a company principally located in Framingham, Massachusetts with numerous stores in Illinois. A.J. Wright is a retailer, wholesaler and/or supplier engaged in offering, displaying for sale and selling arts, crafts and artworks, including but not limited to products in a traditional Indian style, motif and design, throughout the United States and in the Northern District of Illinois.

**ANSWER:**    A.J. Wright admits the first sentence, but denies the remaining allegations of paragraph 4.

5.    Title 25 U.S.C. §305 et. seq. prohibits a person from directly or indirectly offering or displaying for sale or selling goods in a manner that falsely suggests it is Indian produced, an Indian product, or the product of a particular Indian or Indian tribe or Indian arts and crafts organization resident within the United States and provides for an action against such a person by an Indian arts and crafts organization.

**ANSWER:**    Paragraph 5 seeks a legal conclusion, which A.J. Wright is not required to answer.  To the extent that A.J. Wright is required to answer, it lacks knowledge or information sufficient to form a belief as to the truth of paragraph 5, and therefore denies the same.

6.    An Indian product for purposes of 25 U.S.C. §305e, et. seq. is defined in regulations promulgated by the Secretary of the Interior as including artworks that are in a traditional Indian style or medium.

**ANSWER:**    Paragraph 6 seeks a legal conclusion, which A.J. Wright is not required to answer.  To the extent that A.J. Wright is required to answer, it lacks knowledge or information sufficient to form a belief as to the truth of paragraph 6, and therefore denies the same.

7.    Defendant is not an Indian, member of an Indian tribe, recognized Indian artisan or Indian arts and trails organizations as those terms are defined in 25 U.S.C. §345e and §305, et. seq.

**ANSWER:**     A.J. Wright admits that it is not an Indian or a member of an Indian tribe. The remained of paragraph 7 is a legal conclusion, which A.J. Wright is not required to answer. To the extent that A.J. Wright is required to answer, it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7, and therefore denies the same.

8.     At all times relevant hereto, including the dates of purchases alleged herein and for a period of time prior thereto, and possibly since December 31, 2004, Defendant has directly or indirectly offered or displayed for sale or sold multiple quantities of various goads in a manner that falsely suggests they are Indian produced, an Indian product, or the product of a particular Indian or particular Indian tribe or Indian arts and crafts organization resident within the United States, including Indian products consisting of artworks, crafts, and jewelry in a traditional Indian style or medium, in violation of the IACA, Title 25 U.S.C. §305, et seq., §345e, and the regulations promulgated thereunder.

**ANSWER:**     Denied.

9.     For substantial periods of time, and possibly since December 31, 2004, and continuously thereafter to the present date, Defendant advertised and marketed through its website, www.aj-wright.com.

**ANSWER:**     Denied.

10.     On January 19, 2007, and for substantial periods of time, possibly since December 31, 2004 and thereafter to the present date, Defendant offered, advertised, marketed and displayed for sale and sold goods via its retail stores, including at its store at 2099 1/2 N. Mannheim Rd., Melrose Park, Illinois 60160, in a manner that falsely suggested they are an Indian product, Indian produced, or the product of an Indian arts and crafts, organization resident within the United States, including Indian products consisting of artworks, crafts and jewelry in a traditional Indian style, motif or medium, including:

(a)     Artwork, consisting of a Native American Sculpture in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Indian", label as "Indian" and suggest the product is Indian or Native American made.  A picture of said product is attached hereto as Exhibit A, which product is now in the possession of Native American Arts and will be produced for display upon request.

**ANSWER:**     Denied.

(b)     Other traditional Indian style or design arts, crafts or artworks in a traditional Indian style or medium.

**ANSWER:**    Denied.

11.    On December 27, 2006, and for substantial periods of time, possibly since December 31, 2004 and thereafter to the present date, Defendant offered, advertised, marketed and, displayed for sale and sold goods via its retail stares, including at its store at 6560 W. Fullerton Ave., Chicago, Illinois 60707, in a manner that falsely suggested they are an Indian product, Indian produced, or the product of an Indian arts and crafts organization resident within the United States, including Indian products consisting of artworks, crafts and jewelry in a traditional Indian style, motif or medium, including:

(a)    Artwork, consisting of Native American Figurine in a traditional Indian style, composed of an Indian style motif and design which marketing suggests the product is Indian or Native American made. A picture of said product is attached hereto as Exhibit B, which product is now in the possession of Native American Arts and will bye produced for display upon request.

**ANSWER:**    Denied.

(b)    Artwork, consisting of a Native American Figurine in a traditional Indian style, composed of an Indian style motif and design which marketing suggests the product is Indian or Native American made. A picture of said product is attached hereto as Exhibit C, which product is now in the possession of Native American Arts and will be produced far display upon request.

**ANSWER:**    Denied.

(c)    Artwork, consisting of a Native American Figurine in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Indian" and suggest the product is Indian or Native American made. A picture of said product is attached hereto as Exhibit D, which product is now in the possession of Native American Arts and will be produced for display upon request.

(d)    Other traditional Indian style or design arts, crafts and artworks in a traditional Indian style or medium.

**ANSWER:**    Denied.

12.    On January 19, 2007, and for substantial periods of time, possibly since December 31, 2004 and thereafter to the present date, Defendant offered, advertised, marketed and displayed for sale and sold goods via its retail stores, including at its store at 8355 Belmont Ave., River Grove, Illinois 60171, in a manner that falsely suggested they are an Indian product, Indian produced, or the product of an Indian arts and crafts organization resident within the United States, including Indian products consisting of artworks, crafts and jewelry in a traditional Indian style, motif or medium, including:

(a)    Artwork, consisting of Native American Figurine in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials

make reference to "Indian" and suggest the product is Indian or Native American made. A picture of said product is attached hereto as Exhibit E, which product is now in the possession of Native American Arts and will be produced for display upon request.

**ANSWER:**    Denied.

(b)    Other traditional Indian style or design arts, crafts and works in a traditional Indian style or medium.

**ANSWER:**    Denied.

13.    On January 18, 2007, and for substantial periods of time, possibly since December 31, 2004 and. thereafter to the present date, Defendant offered, advertised, marketed and displayed for gale and sold goods via its retail stores, including at its store at 16809 Torrence Ave., Lansing, Illinois 60438, in a manner that falsely suggested they are an Indian product, Indian produced, or the product of an Indian arts and crafts organization resident within the United States, including Indian products consisting of artworks, crafts and jewelry in a traditional Indian style, motif or medium, including:

(a)    Artwork, consisting of Native American Sculpture in a traditional Indian style, composed of an Indian style motif and design which marketing suggests the product is Indian or Native American made. A picture of said product is attached hereto as Exhibit F, which product is now in the possession of Native American Arts and will be produced for display upon request.

**ANSWER:**    Denied.

(b)    Artwork, consisting of a Native American Sculpture in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Indian", label as "Indian" and suggest the product is Indian or Native American made. A picture of said product is attached hereto as Exhibit G, which product is now in the possession of Native American Arts and will be produced for display upon request.

**ANSWER:**    Denied.

(c)    Artwork, consisting of a Native American Sculpture in a traditional Indian style, composed of an Indian style motif and design and which adverting and marketing materials make reference to "Indian" and suggest the product is Indian or Native American made. A picture of said product is attached hereto as Exhibit H, which product is now in the possession of Native American Arts and will be produced for display upon request.

**ANSWER:**    Denied.

(d)    Other, traditional Indian style or design arts, crafts and artworks in a traditional Indian style or medium.

**ANSWER:**    Denied.

14.    On January 18, 2007, and for substantial periods of tine, possibly since December 31, 2004 and thereafter to the present date, Defendant offered, advertised, marketed and displayed for sale and sold goods via its retail stores, including at its store at 13023 S. Ashland Awe., Calumet Park, Illinois 60827, in a manner that falsely suggested they are an Indian product, Indian produced, or the product of an Indian arts and crafts organization resident within the United States, including Indian products consisting of artworks, crafts and jewelry in a traditional Indian style, motif or medium, including:

(a)    Artwork, consisting of Native American Statue in a traditional Indian style, composed of an Indian style motif and design which marketing suggests the product is Indian or Native American made. A picture of said product is attached hereto as Exhibit I, which product is now in the possession of Native American Arts and will be produced for display upon request.

**ANSWER:**    Denied.

(b)    Other traditional Indian style or design arts, crafts and artworks in a traditional Indian style or medium.

**ANSWER:**    Denied.

15.    On January 18, 2007, and for substantial periods of time, possibly since December 31, 2004 and thereafter to the present date, Defendant offered, advertised, marketed and displayed for sale arid sold goods via its retail stores, including at its store at 1422 W. 47th St., Chicago, Illinois 60609, in a manner that falsely suggested that' ate an Indian product, Indian produced, or the product of an Indian arts and .crafts organization resident within the United States, including Indian products consisting of artworks, crafts and jewelry in a traditional Indian style, motif or medium, including:

(a)    Artwork, consisting of Native American Figurine in a traditional Indian style, composed of an Indian style motif and design which marketing suggests the product is Indian or Native American made.  A picture of said product is attached hereto as Exhibit J, which product is now in the possession of Native American Arts and will be produced for display upon request.

**ANSWER:**    Denied.

(b)    Other traditional Indian style or design arts, crafts and artworks in a traditional Indian style or medium.

**ANSWER:**    Denied.

16.    On January 18, 2007, and for substantial periods of time, possibly since December 31, 2004 and thereafter to the present date, Defendant offered, advertised, marketed and displayed for sale and sold goods via its retail stares, including at its store at 2959 W. 159th St., Harvey, Illinois 60426, in a manner that falsely suggested they are an Indian product, Indian produced, or the product of an Indian arts and crafts organization resident within the United

States, including Indian products consisting of artworks, crafts and jewelry in s traditional Indian style, motif or medium, including:

(a)    Artwork, consisting of Native American Figurine in a traditional Indian style, composed of an Indian style motif and design which marketing suggests the product is Indian or Native American made. A picture of said product is attached hereto as Exhibit K, which product is now in the possession of Native American Arts and will be produced for display urn request.

**ANSWER:**    Denied.

(b)    Other traditional Indian style or design arts, crabs and artworks in a traditional Indian style or medium.

**ANSWER:**    Denied.

17.    On January 18, 2007, acid for substantial periods of time, possibly since December 31, 2004 and thereafter to the present date, Defendant offered, advertised, marketed and displayed for sale arid sold goods via its retail stores, including at its store at 4204 W. 211 St., Matteson, Illinois 60443, in a manner that falsely suggested they are an Indian product, Indian produced, or the product of an Indian arts and crafts organization resident within the United States, including Indian products consisting of artworks, crafts and jewelry in a traditional Indian style, motif or medium, including:

(a)    Artwork, consisting of Native American Figurine in a traditional Indian style, composed of an Indian style motif and design which marketing suggests the product is Indian or Native American made. A picture of said product is attached hereto as Exhibit L, which product is now in the possession of Native American Arty and will be produced for display upon request.

**ANSWER:**    Denied.

(b)    Other traditional Indian style or design arts, crafts and artworks in a traditional Indian style or medium.

**ANSWER:**    Denied.

18.    On January 18, 2007 Defendant offered, advertised, marketed and displayed far sale and sold goads via its retail stares in a manner that falsely suggested they are an Indian product, Indian produced, or the product of an Indian arts and crafts organization resident within the United States, and wherein, its clerks, servants and employees; whose complete identity is unknown to Plaintiff but is known to Defendant, acting in furtherance of their duties and within the scope of their authority, stated, represented and suggested that its products were Indian or Native American made during the transactions alleged herein at its stares at Lansing, Illinois; Calumet Park, Illinois; Harvey, Illinois; Matteson, Illinois and 47th St. in Chicago, Illinois.

**ANSWER:**    Denied.

19.     The products alleged herein are traditional Indian products embodying traditional Indian styles, motifs and designs, traditionally made by Native Americans, and were falsely suggested to be Indian-made Indian products and these products were advertised, marketed, and sold as such, including advertising and marketing these products with other Indian style products suggested to be Indian products, or Indian, or Native American made.

**ANSWER:**    Denied.

20.     Any unqualified use of the name "Native American", "Indian" or an Indian tribe suggests that the product is Indian made and an Indian product under the IACA.

**ANSWER:**    Paragraph 20 seeks a legal conclusion, which A.J. Wright is not required to answer.    To the extent that A.J. Wright is required to answer, it lacks knowledge or information sufficient to form a belief as to the truth of paragraph 20, and therefore denies the same.

21.     A non-Indian maker of products in an Indian style motif and design cannot utilize the terms "Indian,'" "Native American" or the name of a particular Indian tribe in advertising or marketing said products unless said. maker qualifies the usage of such terms so that consumers are not suggested to be purchasing authentic Indian-made products. <u>Native Americas Arts. Inc. v. The Waldron Corporation</u>, 399 F.3d 871(7th Cir. 2005).

**ANSWER:**    Paragraph 21 seeks a legal conclusion, which A.J. Wright is not required to answer.    To the extent that A.J. Wright is required to answer, it lacks knowledge or information sufficient to form a belief as to the truth of paragraph 21, and therefore denies the same.

22.     The products advertised, marketed, offered, displayed far sale and sold by Defendant are in a traditional Indian style, composed of Indian motifs and designs.

**ANSWER:**    Denied.

23.     The products displayed for sale by Defendant did use the unqualified term "Indian".

**ANSWER:**    Denied.

24.     At various times relevant hereto, Defendant has been advertising, marketing, offering, displaying for sale and selling products with different advertisements and different

products through different advertisements, advertising activities and mediums, in a manner that falsely suggested they are Indian-made, an Indian product, a product of an Indian tribe or the product of an Indian arts and crafts organization resident within the United States.

**ANSWER:**    Denied.

25.    For substantial periods of time since December 31, 2004 and continuously a thereafter to the present date, Defendant advertised, marketed, offered and displayed for sale and sold goods in a manner that falsely suggested they are Indian-invade, an Indian product, a product of an Indian tribe or the product of an Indian arts and crafts organization, resident within the United States, including Indian products consisting of art, crafts and artworks in a traditional Indian style or medium.

**ANSWER:**    Denied.

26.    The Indian-style goods advertised, displayed, offered for sale and sold by Defendant since December 31, 2004, including those advertised, sold, displayed, and offered for sale alleged herein, are not and were not Indian produced, an Indian product made by an Indian or the product of an Indian arts and crafts organization resident in the United States or an non-member Indian artisan certified by an Indian tribe, all as defined in 25 U.S.C. §305 et, seq, and the regulations thereunder.

**ANSWER:**    A.J. Wright admits the goods identified in the Complaint are not and were

not Indian produced, an Indian product made by an Indian or the product of an Indian arts and

crafts organization.  A.J. Wright lacks the sufficient information to know which other goods  are

referred to in paragraph 26, and therefore denies the same.

27.    Defendant's advertisement, display, offering for sale and sale of Indian style goods in a manner that falsely suggests they are Indian products, Indian produced or the product of a particular Indian or Indian tribe or Indian arts and crafts organization resident within the United States is illegal and should be enjoined in that no adequate remedy at law exists and Plaintiff will be irrevocably injured and damages will be difficult to measure.

**ANSWER:**    Denied.

28.    Native American Arts has been injured and damaged as a result of Defendant's actions alleged herein. Native American Arts is a competitor of Defendant and has suffered competitive injuries as a result of Defendant's actions alleged herein, as well as other damages including (1) Native American Arts lost sales and sales opportunities as a direct and indirect result of the Defendant's offer, display and sale of similar Indian-style products to those offered, displayed and sold by Native American Arts through similar mediums and markets, (2) Defendant's imitation products drove down prices of authentic Indian products, forcing Plaintiff to offer its authentic products at lower prices, (3) that Plaintiff has suffered a loss of goodwill

and reputation because of Defendant's counterfeit product and (4) that Defendants had a gross profit on the products alleged herein. Native American Arts advertises, markets and sells authentic Indian-made products similar to those products advertised, offered, displayed and sold by Defendant falsely suggested to be Indian-made products, including but not limited to, arts, crafts, jewelry and artworks in a traditional Indian style or medium. Native American Arts displays, advertises, offers, markets and sells authentic Indian-made products through various mediums including, but not limited to, newspaper advertisements, radio, signs, catalogs, brochures, internet, mailed solicitations, miscellaneous and in-store retail displays.

**ANSWER:**    Denied.

29.    The injuries suffered by Native American Arts under the IACA include, but are not limited to, injury to reputation and good will arising out of Defendant's misappropriation of Native American Art, Inc.'s advertising ideas and style of doing business. Native American Arts' advertising idea and style of doing business is to emphasize and state that its products are authentic Indian products made by Native Americans. Native American Arts capitalizes upon the goodwill associated with Indian-made products as an advertising and marketing idea concerned with persuading consumers to buy its Indian products. This is Native American Arts' advertising idea, advertising theme, advertising concept, title, style and slogan. Defendant inappropriately used the advertising concept of authentic Indian products in advertising their goods as its advertising idea, style of doing business, advertising theme, concept, title, style and slogan buy falsely suggesting their products were Indian made Indian products.

**ANSWER:**    Denied.

30.    The injuries suffered by Native American Arts under the IACA include, but are not limited to, injury to reputation and good will arising out of Defendant's infringement of title by falsely suggesting and misrepresenting that its products were Indian made when they were not.

**ANSWER:**    Denied.

31.    The injuries suffered by Native American Arts under the IACA include but are not limited to, injury to reputation and good will arising out of Defendant's use of another's advertising idea by falsely suggesting and misrepresenting that its products were Indian made when they were not.

**ANSWER:**    Denied.

32.    The injuries suffered by Native American Arts under the IACA include, but are not limited to, injury to reputation and good will arising out of Defendant's infringing upon Native American Arts' slogan by falsely suggesting and misrepresenting that it's products were Indian made when they were not.

**ANSWER:**    Denied.

33.     Liability for compensatory damages under the IACA is strict liability and not dependent upon intentional conduct as ruled in the case of <u>Ho-Chunk. et al. v. Village Originals, Inc.,</u> 25 F. Supp.2d 876 (N.D.Ill. 1998) and <u>Ho-Chunk v. Natures Gifts, Inc.,</u> 1999 U.S. Dist. Lexis 3687 (N.D.Ill. 1999).

**<u>ANSWER:</u>**     Paragraph 33 seeks a legal conclusion, which A.J. Wright is not required

to answer.   To the extent that A.J. Wright is required to answer, it lacks knowledge or

information sufficient to form a belief as to the truth of paragraph 33, and therefore denies the

same.

34.     Title 25 U.S.C. §305e (a) provides for damages of the greater of treble damages or $1,000 for each day on which the offer or display for sale of a good falsely suggested to be Indian produced, an Indian product, or the product of an Indian, an Indian tribe, or an Indian arts and crafts organization continues.

**<u>ANSWER:</u>**     Paragraph 34 seeks a legal conclusion, which A.J. Wright is not required

to answer.   To the extent that A.J. Wright is required to answer, it lacks knowledge or

information sufficient to form a belief as to the truth of paragraph 34, and therefore denies the

same.

35.     Native American Arts is an Indian arts and crafts organization entitled to the damages alleged herein.

**<u>ANSWER:</u>**     Denies that Native American Arts is entitled to the damages it has alleged

in the Complaint.  A.J. Wright lacks knowledge or information sufficient to form a belief as to

the remaining allegations of paragraph 35, and therefore denies the same.

36.     The exact amount of damages is presently unknown, but is believed to exceed eleven million dollars ($11,000,000.00).

**<u>ANSWER:</u>**     Denied.

37.     Title 25 U.S.C. §305e (a) also provides for injunctive and other equitable relief.

**<u>ANSWER:</u>**     Paragraph 37 seeks a legal conclusion, which A.J. Wright is not required

to answer.   To the extent that A.J. Wright is required to answer, it lacks knowledge or

information sufficient to form a belief as to the truth of paragraph 37, and therefore denies the same.

38.    Substantial amounts for attorney's fees and costs of suit have been or are being incurred for which reimbursement and payment, is hereby sought.

**ANSWER:**    A.J. Wright lacks knowledge or information sufficient to form a belief as to the truth of paragraph 38, but denies that plaintiff is entitled to any reimbursement for its attorneys fees and costs.

**AFFIRMATIVE DEFENSES**

1.    Plaintiff has failed to mitigate its purported damages.

2.    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

3.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches

4.    Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

WHEREFORE, A.J. Wright requests that the Complaint be dismissed and that it be awarded all attorney's fees, costs and other relief that this Court deems equitable and just.

**CONCORD BUYING GROUP, INC.
d/b/a A.J. WRIGHT**


**By:**    /s Cassandra M. Crane
        **One of Its Attorneys**

Matthew S. Miller (#6237701)
Jonathan D. Sherman (#6185114)
Cassandra M. Crane (#6288406)
**Much Shelist Denenberg
  Ament & Rubenstein, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606-1615
312-521-2000

## <u>CERTIFICATE OF SERVICE</u>

Cassandra M. Crane, an attorney, states I certify that on July 14, 2008, I served the

foregoing via electronic mail through the court's transmission facilities on:

        Michael P. Mullen
        MULLEN & FOSTER
        203 N. Wabash Ave.
        Suite 2300
        Chicago, IL 60601

        /s Cassandra M. Crane