**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NATIVE AMERICAN ARTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07CV7109 |
| | ) | |
| A.J. WRIGHT, a Division of THE TJX | ) | Judge Pallmeyer |
| COMPANIES, INC., | ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |

**DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

A.J. WRIGHT, a Division of THE TJX COMPANIES, INC. ("A.J. Wright"), by its attorneys, Much Shelist, moves pursuant to Fed.R.Civ.P. 26(c) for the entry of a protective order to quash plaintiff's notices of deposition for Tia Anderson and Sherry Cortez, and in support thereof states as follows:

**Background**

1.     This is a lawsuit for alleged violations of the Indian Arts and Crafts Act, 25 U.S.C. §305, et. seq.  In its complaint, plaintiff alleges that A.J. Wright sold figurines in a manner that falsely suggested they were Indian produced.

2.     Discovery is underway, and the Court has set October 1, 2008 as the deadline for fact discovery.  *See* Ex. A, 06/12/2008 Order of the Court.  Both sides have issued interrogatories and document requests, and each have provided their responses.  A.J. Wright has also responded to requests to admit submitted by plaintiff.

3.     A.J. Wright noticed the depositions of  Matthew Mullen ("Mullen") and Mary Decorah Mullen, plaintiff's owners and/or investors.  Plaintiff has issued notices of deposition

for A.J. Wright employees, Bruce Cooper ("Cooper") and Aimee Adams ("Adams"). Cooper will also serve as A.J. Wright's Rule 30(b)(6) representative.

4.      On July 1, 2008, plaintiff also issued notices of depositions for two A.J. Wright employees, Tia Anderson ("Anderson") and Sherry Cortez ("Cortez"). *See* Exhibits B and C. Anderson is an assistant manager at A.J. Wright's Bricktown Square store located in Chicago, and Cortez is a store manager in Harvey, Illinois.

5.      These individuals were not identified in plaintiff's Rule 26(a) disclosures as people with relevant knowledge regarding this case, and to A.J. Wright's knowledge, they have no relevant or discoverable information. Upon receipt of these notices, A.J. Wright requested that plaintiff provide a basis for proceeding with these depositions. *See* Ex. D, July 11, 2008 letter from C. Crane to M. Mullen, and Ex. E, July 17, 2008 letter from C. Crane to M. Mullen. Plaintiff's counsel responded by claiming that Anderson and Cortez might have knowledge regarding the stores' policies, practices and procedures relevant to the transactions at issue. *See*, Exhibit F, 07/28/08 letter from M. Mullen to C. Crane.

6.      Contrary to counsel's suggestion, A.J. Wright's counsel has informed plaintiff's counsel that Anderson and Cortez do not have any relevant knowledge regarding the transactions at issue in this case. A.J. Wright also stated in its answers to plaintiff's Interrogatories that it does not have any specific policies regarding the sale of Indian products, rendering plaintiff's requested depositions unnecessary. *See* Exhibit G, Defendant's Answers to Plaintiff's First Set of Interrogatories at ¶ 22. In order to save the time and money in taking unnecessary depositions, and in an effort to comply with the current discovery schedule, A.J. Wright suggested that plaintiff withdraw its notices for the Anderson and Cortez depositions until after it had the opportunity to review A.J. Wright's responses to written discovery. *See* Exhibit H,

7/31/2008 letter from J. Sherman to M. Mullen. A.J. Wright also suggested that plaintiff proceed with the depositions of A.J. Wright's Rule 30(b)(6) witness, Cooper, and a buyer for A.J. Wright, Adams, prior to deciding whether to take the depositions of Anderson and Cortez. *Id.* This procedure would provide plaintiff with further information about A.J. Wright's business and would perhaps obviate the need for any superfluous depositions.

7.     Unfortunately, plaintiff's counsel did not respond to A.J. Wright's request and, despite multiple requests, has not provided any dates to proceed with the depositions of A.J. Wright's corporate representative, or Adams, both of whom have been identified by both parties as individuals with relevant knowledge regarding this case.

8.     In accordance with Local Rule 37.2, A.J. Wright has made several good faith attempts to resolve this discovery dispute without intervention of the Court, but to no avail. *See* Exhibits D, E, H, and I, 8/7/2008 letter from C. Crane to M. Mullen .

### The Deposition Notices Should be Quashed

9.     The Court has the discretion to enter a protective order to protect a party from undue burden and expense. *See Calobrace v. American Nat. Can Co.*, 1995 WL 51575 (N.D.Ill., Feb. 6, 1995) (J. Guzman).

10.     Plaintiff has not provided an adequate explanation of any discoverable information that could be garnered from the depositions of Anderson or Cortez. Rather than first proceeding with the depositions of A.J. Wright's corporate representative or the buyer for the figurines in question, plaintiff has noticed the depositions of A.J. Wright employees that have nothing to offer regarding this case. Moreover, plaintiff has insisted on proceeding with these depositions without any basis for believing that they possess discoverable information. A.J. Wright should not have to expend the time or cost to produce these employees, and those

employees should not be required to take time away from their jobs or personal obligations to appear for their depositions, absent a viable basis to proceed.

WHEREFORE, A.J. Wright respectfully requests that the Court enter a protective order quashing the notices of deposition for Tia Anderson and Sherry Cortez.

Respectfully submitted,

**Defendant, CONCORD BUYING GROUP, INC. d/b/a A.J. WRIGHT**

By:    /s/ Cassandra M. Crane
       One of its attorneys

Matthew S. Miller (#6237701)
Jonathan D. Sherman (#6185114)
Cassandra M. Crane (#6288406)
**Much Shelist Denenberg
  Ament & Rubenstein, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606-1615
312-521-2000