# EXHIBIT A

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7109 | **DATE** | 6/12/2008 |
| **CASE TITLE** | Native American Arts, Inc vs. A. J. Wright | | |

**DOCKET ENTRY TEXT**

Ruling held. Defendant's motion to dismiss [13] denied without prejudice. Plaintiff's expert reports due 11/3/2008; Defendant's expert reports due 12/8/2008. Fact discovery close date extended to 10/1/2008. Dispositive motions, if any, 1/30/2009. Status hearing held on 6/12/2008. Status hearing set for 8/18/2008 at 9:00.

Notices mailed by Judicial staff.

00:04

| | Courtroom Deputy Initials: | ETV |
|---|---|---|

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| NATIVE AMERICAN ARTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Judge Pallmeyer |
| | ) | |
| v. | ) | Case Number 07 C 7109 |
| | ) | |
| AJ WRIGHT, A DIVISION OF THE TJX | ) | |
| COMPANIES, INC. | ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |

## NOTICE OF DEPOSITION

To:     Matthew S. Miller
        Much Shelist
        191 N. Wacker Dr., Suite 1800
        Chicago, Illinois 60606

**YOU ARE HEREBY NOTIFIED** that the undersigned will take the following deposition of:

| Deponent | Date | TIME |
|---|---|---|
| Tia Anderson, Bricktown Square Assistant Store Manager | August 15, 2008 | 10:00am |

before a Notary Public or any other duly authorized officer at the law offices of Mullen & Foster, at 203 N. Wabash Ave., Suite 2300, Chicago, Illinois, 60601.

Deponent is commanded to bring to said deposition: all documents requested in Plaintiff's Request for Production of Documents not previously produced.

All documents and information including electronic data and storage media regarding purchasing, inventory, marketing, advertising, accounting, distribution and sales of the Indian or Indian style products (as defined in Plaintiff's First Set of Interrogatories to Defendant A.J. Wright, A Division of the TJX Companies, Inc.) at issue in this case pursuant to the Complaint herein, at retail establishments and wholesale, if applicable, in Illinois and also advertising and sales of said Indian or Indian style products nationwide.

Also, documents and information regarding the purchase and source of the Indian and Indian style products at issue in the litigation pursuant to the Complaint herein (the Disputed Products), the number and locations of display offer and sales of such products and financial documents concerning the purchase and sale of such products.

All e-mail and information about e-mail (including message contents, header information and logs of e-mail system usage) sent or received by the following persons:

Bruce Cooper, Vice President, General Accounting Director, Sherry Cortez, Store Manager, Tia Anderson, Assistant Manager, Aimee Adams, buyer and any buyers or employees, dealing with Lynn Roberts International, or Trippies, Inc. and Trippies, LLC or Indian or Indian style products as defined; or any other potential witness discovered or identified by Defendant; Lynn Roberts International, Trippies, Inc. and Trippies, LLC.

All other e-mail and information about e-mail (including message contents, header information and logs of e-mail system usage) containing information about or related to:

Indian or Indian style products as defined, including the advertising, display, offer, sale, inventory or purchase thereof.

**YOU ARE HEREBY FURTHER NOTIFIED,** pursuant to Rule 30 of the Federal Rules of Civil Procedure, that you are, by this notice, required to be present at the date, time and place stated for oral examination.

*Michael P. Mullen*

One of the attorneys for Plaintiff, Native American Arts, Inc.

Michael P. Mullen
Scott M. Kolosso
Mullen & Foster
203 N. Wabash Ave., Suite 2300
Chicago, IL 60601
(312) 750-1600

## CERTIFICATE OF SERVICE

I, Michael P. Mullen, an attorney, state that I served the foregoing Notice to the party listed above by facsimile on July 1, 2008 before 5:00 p.m.

*Michael P. Mullen*

One of the attorneys for Plaintiff

Michael P. Mullen
Scott M. Kolosso
Mullen & Foster
203 N. Wabash Ave., Suite 2300
Chicago, IL 60601
(312) 750-1600

2

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

NATIVE AMERICAN ARTS, INC., )
)
            Plaintiff, )      Judge Pallmeyer
)
v. )      Case Number 07 C 7109
)
AJ WRIGHT, A DIVISION OF THE TJX )
COMPANIES, INC. )
)      Jury Trial Demanded
           Defendant. )

## NOTICE OF DEPOSITION

To:    Matthew S. Miller
       Much Shelist
       191 N. Wacker Dr., Suite 1800
       Chicago, Illinois 60606

    **YOU ARE HEREBY NOTIFIED** that the undersigned will take the following deposition of:

| Deponent | Date | TIME |
| --- | --- | --- |
| Sherry Cortez, Harvey Store Manager | August 15, 2008 | 11:00am |

before a Notary Public or any other duly authorized officer at the law offices of Mullen & Foster, at 203 N. Wabash Ave., Suite 2300, Chicago, Illinois, 60601.

    Deponent is commanded to bring to said deposition: all documents requested in Plaintiff's Request for Production of Documents not previously produced.

    All documents and information including electronic data and storage media regarding purchasing, inventory, marketing, advertising, accounting, distribution and sales of the Indian or Indian style products (as defined in Plaintiff's First Set of Interrogatories to Defendant A.J. Wright, A Division of the TJX Companies, Inc.) at issue in this case pursuant to the Complaint herein, at retail establishments and wholesale, if applicable, in Illinois and also advertising and sales of said Indian or Indian style products nationwide.

    Also, documents and information regarding the purchase and source of the Indian and Indian style products at issue in the litigation pursuant to the Complaint herein (the Disputed Products), the number and locations of display offer and sales of such products and financial documents concerning the purchase and sale of such products.

All e-mail and information about e-mail (including message contents, header information and logs of e-mail system usage) sent or received by the following persons:

Bruce Cooper, Vice President, General Accounting Director, Sherry Cortez, Store Manager, Tia Anderson, Assistant Manager, Aimee Adams, buyer and any buyers or employees, dealing with Lynn Roberts International, or Trippies, Inc. and Trippies, LLC or Indian or Indian style products as defined; or any other potential witness discovered or identified by Defendant; Lynn Roberts International, Trippies, Inc. and Trippies, LLC.

All other e-mail and information about e-mail (including message contents, header information and logs of e-mail system usage) containing information about or related to:

Indian or Indian style products as defined, including the advertising, display, offer, sale, inventory or purchase thereof.

**YOU ARE HEREBY FURTHER NOTIFIED**, pursuant to Rule 30 of the Federal Rules of Civil Procedure, that you are, by this notice, required to be present at the date, time and place stated for oral examination.

_Michael P Mullen_
One of the attorneys for Plaintiff, Native American Arts, Inc.

Michael P. Mullen
Scott M. Kolosso
Mullen & Foster
202 N. Wabash Ave., Suite 2300
Chicago, IL 60601
(312) 750-1600

### CERTIFICATE OF SERVICE

I, Michael P. Mullen, an attorney, state that I served the foregoing Notice to the party listed above by facsimile on July 1, 2008 before 5:00 p.m.

_Michael P Mullen_
One of the attorneys for Plaintiff

Michael P. Mullen
Scott M. Kolosso
Mullen & Foster
202 N. Wabash Ave., Suite 2300
Chicago, IL 60601
(312) 750-1600

2

# EXHIBIT D

**MUCH** *SHELIST*

ATTORNEYS AT LAW
191 N. WACKER DRIVE
SUITE 1800
CHICAGO, IL 60606.1615

T 312.521.2000
F 312.521.2200

www.muchshelist.com

DIRECT DIAL:
312.521.2718
ccrane@muchshelist.com

July 11, 2008

**VIA FACSIMILE:  (312) 750-1651**

Michael P. Mullen
MULLEN & FOSTER
203 N. Wabash Ave.
Suite 2300
Chicago, IL 60601

      Re:   *NAA. v. A.J. Wright, 07-cv-7109*

Dear Mike:

      I am writing in regards to the deposition notices that you recently sent to us for Sherry Cortez and Tia Anderson.   These individuals were not identified in either of our Rule 26 disclosures as individuals with information relevant to this case.   Please provide a basis for proceeding with these individuals' depositions and what knowledge you believe they have regarding your client's claims.

      Should you have any questions, please let me know.

                  Sincerely,

                  Cassandra M. Crane

INTERNATIONAL
ALLIANCE
OF LAW FIRMS

# EXHIBIT E

**M U C H** *S H E L I S T*

ATTORNEYS AT LAW
191 N. WACKER DRIVE
SUITE 1800
CHICAGO, IL 60606.1615

T 312.521.2000
F 312.521.2200

www.muchshelist.com

DIRECT DIAL:
312.521.2718
ccrane@muchshelist.com

July 17, 2008

**VIA FACSIMILE:  (312) 750-1651**

Michael P. Mullen
MULLEN & FOSTER
203 N. Wabash Ave.
Suite 2300
Chicago, IL 60601

      Re:   *Native American Arts v. A.J. Wright*
           *Case No.  07-cv-7109*

Dear Mike :

      I am writing to in regards to our deposition schedule.

      Per our conversation on July 14th, we have agreed not to proceed with any depositions until after the deadlines for the current written discovery requests—our responses to Interrogatories and Document requests are due on July 30, and your responses are due on August 8. That being the case, please provide dates on which Matthew Mullen can appear for his deposition in mid-August so that we can find and confirm a mutually agreeable date.

      We are in the process of securing dates for the depositions of Bruce Cooper and Aimee Adams. These employees are located in Massachusetts, and as I previously indicated, will not appear in Chicago for their depositions. Their depositions will take place in Massachusetts. Also, we are reviewing the topics listed in your notice of the deposition of the corporate representative and will let you know who we will be providing to testify on the listed subjects, as we understand the subjects. I expect that the witness(es) will be located in Massachusetts.

      Finally, to follow up on my July 11th letter to you, we object to producing Tia Anderson and Sherry Cortez for depositions. Please provide us with a basis for going forward with these depositions and what knowledge you believe Ms. Anderson and Ms. Cortez to have regarding this case. We plan to file a motion to quash.

Much Shelist Denenberg Ament & Rubenstein, P.C.



**MUCH** *SHELIST*

Michael Mullen
July 17, 2008
Page 2

_____

Should you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

Cassandra M. Crane

# EXHIBIT F

MULLEN & FOSTER
A PARTNERSHIP OF A PROFESSIONAL CORPORATION
AND A LIMITED LIABILITY COMPANY
ATTORNEYS AT LAW
203 N. Wabash Avenue, Suite 2300
CHICAGO, ILLINOIS 60601
TELEPHONE: (312) 750-1600
FACSIMILE: (312) 750-1651

July 28, 2008

**VIA FACSIMILE**
Cassandra M. Crane
Much Shelist
191 N. Wacker Dr., Suite 1800
Chicago, Illinois 60606

Re:   <u>Native American Arts, Inc. v. A.J. Wright</u>, Case No. 07 C 7109

Dear Ms. Crane:

This is in response to your inquiry about our noticed depositions of Tia Anderson and Sherry Cortez. As you know they are the manager and assistant manager of two A.J. Wright stores in which some of the transactions at issue occurred. We intend to explore the stores policies, practices and procedures directly relevant to transactions at issue. This inquiry will reveal evidence or may lead to evidence relevant at trial. We would caution you against filing a motion to quash as the relevance of these witnesses should be obvious.

We would appreciate your designating the number and identity of 30(b)(6) witness promptly as our request has been outstanding some time and do not even know the number of witnesses.

Regarding the location of 30(b)(6) witnesses, we would request that you designate local witnesses if possible.

Please provide me with the work locations of Bruce Cooper and Aimee Adams and any other out of town witnesses you designate. Please also provide whether those witnesses contemplate coming to Chicagoland in the near future and when they were here in the last three years.

I would caution you against your seeming plan to run up our costs of discovery. Such an approach will be unavailing and indeed counterproductive because our attorney's fees and costs are recoverable under the IACA.

I will get back to you regarding Matthew Mullen's availability for a deposition.

If you have any questions or comments, please let me hear from you.

Very truly yours,

Michael P. Mullen

# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NATIVE AMERICAN ARTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07CV7109 |
| | ) | |
| A.J. WRIGHT, a Division of THE TJX | ) | Judge Pallmeyer |
| COMPANIES, INC., | ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |

**DEFENDANT'S ANSWERS TO PLAINTIFF'S**
**FIRST SET OF INTERROGATORIES**

Defendant Concord Buying Group, Inc. d/b/a A.J. Wright ("A.J. Wright"), by its attorneys, answers the Plaintiff's First Set of Interrogatories stating as follows:

**GENERAL OBJECTIONS**

1.    A.J. Wright objects to these Interrogatories and Instructions to the extent that they seek to impose obligations on A.J. Wright beyond those required by the Federal Rules of Civil Procedure.

2.    A.J. Wright objects to Plaintiff's Definitions to the extent that those Definitions seek to define a word more broadly or otherwise inconsistently with the plain and ordinary meaning of that word. A.J. Wright further objects to the extent the Definitions render the Interrogatories vague and overly broad, or to the extent they would impose obligations on A.J. Wright beyond those required by law.

3.    A.J. Wright objects to Plaintiff's Definition of "Indian product," to the extent that it broadens the definition provided under 25 U.S.C. §305e.

3.      A.J. Wright objects to these Interrogatories to the extent they seek to invade the attorney-client privilege and/or attorney work product doctrine and/or to the extent they seek to discover proprietary information.

4.      A.J. Wright objects to these Interrogatories to the extent that they seek to discover information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and/or to the extent they seek to harass or impose undue burden on A.J. Wright.

5.      A.J. Wright incorporates each of these general objections into its responses to each of the interrogatories below.

## INTERROGATORIES

**INTERROGATORY NO. 1:**    State the full name, home and work addresses and telephone numbers, date of birth, and social security number of the person or persons answering these interrogatories (if more than one person is answering them, please provide the information requested above for the person answering each interrogatory), "identify" each person, including attorneys, who assisted you in responding to these interrogatories, specify each request for which you were so assisted and state in what manner the person assisted your (e.g. provided documents for your review; suggested names, dates, places or other information).

**ANSWER:**    A.J. Wright objects to  Interrogatory 1 on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. By way of example, the date of birth and social security number of the person answering these Interrogatories is not relevant and will not be provided unless so ordered by the Court.  A.J. Wright also objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.  Subject to and without waiving these or any other objections, A.J. Wright states that:

The information contained in these Interrogatories was provided by Aimee Adams and Bruce Cooper, in consultation with counsel.

**INTERROGATORY NO. 2:** "Identify" each person known to you or believed by you to have personal knowledge of any fact related to the events set forth in Plaintiff s Complaint and

identify each person *with whom* you have discussed the facts and events, set forth in the Complaint. With regard *to each such* person, state the general nature of that person's relevant knowledge, and for any person with whom you have discussed the facts and events set forth in the Complaint, specify the dates you had such discussions, identify the persons present and state whether a. record exists of the discussions (e.g. notes, tape recordings, transcript).

**ANSWER**:   A.J. Wright objects to Interrogatory 2 on the grounds that it is overbroad, unduly burdensome and vague.  Subject to and without waiving these or any other objections, A.J. Wright states that:

The following individuals may have knowledge of the facts of the Complaint:

1.    On information and belief, an unknown representative of Lynn Roberts International, 9100 F Street, Omaha, NE 68127-1308, 800-228-6094, one of A.J. Wright's vendors, may have information concerning the products at issue in this litigation.

2.    On information and belief, an unknown representative of Trippie's Inc., 287 Elam Rd, Ray, OH 45672, 740-884-4434, one of A.J. Wright's vendors, may have information concerning the products at issue in this litigation.

3.    Aimee Adams.  Ms. Adams is a buyer for A.J. Wright, and she should be contacted through A.J. Wright's counsel, Much Shelist.  Ms. Adams may have information concerning the products at issue in the litigation.

4.    Bruce Cooper, Vice President, General Accounting Director of an entity affiliated with A.J. Wright.  Mr. Cooper should be contacted through A.J. Wright's counsel, Much Shelist. Mr. Cooper may have information concerning plaintiff's claimed damages.

5.    Matthew Mullen.  16701, S. Richards Drive, Tinley Park, IL 60477.  Mr. Mullen may have information concerning the following subjects:   plaintiff's business generally; plaintiff's litigation efforts; the claims made by plaintiff in this lawsuit, including plaintiff's damage claims.

6.    Mary Decorah Mullen.    Ms. Mullen may have information concerning the following subjects:  plaintiff's business generally; plaintiff's litigation efforts; the claims made by plaintiff in this lawsuit, including plaintiff's damage claims.

Investigation continues and A.J. Wright reserves its right to supplement its response.

**INTERROGATORY NO. 3:**  "Identify" all retail establishments you have owned or operated in the Northern District of Illinois and nationally and "identify" all documents relating to the sale of Indian-style products at any retail establishments located in the Northern District of Illinois including, but not limited to, product name, product number, UPC number, sales price, product description used on invoice, product description used in catalog, any catalog identification number, marketing materials, product catalogs, invoices, sales orders, and documentation for products returned to you.

**ANSWER:**    A.J. Wright objects to  Interrogatory 3 on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. A.J. Wright further objects to this Interrogatory as it is not limited to the retail establishments at issue in the Complaint.   Subject to and without waiving these or any other objections, A.J. Wright states that:

A list of A.J. Wright stores has previously been produced at D000016.   Further responding, all documents relating to the sale of the products identified in the Complaint have previously been produced at D000001 – D000036.  A.J. Wright has no knowledge of any other Indian-style products at any of its retail establishments.  Investigation continues and A.J. Wright reserves its right to supplement its response.

**INTERROGATORY NO. 4:**  "Identify" each person (other than retail customers), retailer, wholesaler, distributor, sales representative or business located in the Northern District of Illinois to whom you have sold Indian-style products and "identify" all documents relating to the sale of Indian-style products by you, to any person (other than retail customers), retailer, wholesaler, distributor, sales representative or business located in the Northern District of Illinois including, but not limited to, all marketing materials, product catalogs, invoices, purchase orders, indemnity contracts, and documentation for products returned to you.

4

**ANSWER:**  A.J. Wright objects to Interrogatory 4 on the grounds that it is not reasonably calculated to lead to the discovery of relevant evidence.  Subject to and without waiving this or any other objections, A.J. Wright states that:

It has not sold any of the products identified in the Complaint to any person other than retail customers. Further responding, A.J. Wright has no knowledge of any other Indian-style products at any of its retail establishments.  Investigation continues and A.J. Wright reserves its right to supplement its response.

**INTERROGATORY NO. 5:**  "Identify" each, Indian style product, including but not limited to all products listed as exhibits in the Complaint, you have sold, displayed, advertised, marketed or offered for sale including, but not limited to, product name, product number, style number, SKU number. UPC number, sales price, product description including that used on invoice, product description used in catalog, and any catalog or product identification numbers.

**ANSWER:**  A.J. Wright objects to Interrogatory No. 5 on the grounds that is overbroad, unduly burdensome, vague and not reasonably calculated to lead to the discovery of relevant evidence.  A.J. Wright further objects to this Interrogatory on the grounds that it is not limited in scope to the retail establishments at issue in the Complaint.  Subject to and without waiving these or any other objections, A.J. Wright states as follows:

The requested information regarding the products identified in the complaint is in documents previously produced at D000001 – D000036.  Further responding, A.J. Wright has no knowledge of any other Indian-style products at any of its retail establishments.   Investigation continues and A.J. Wright reserves its right to supplement its response.

**INTERROGATORY NO. 6:**  "Identify" the accounting methods and documents used and the accounting records used for the purchase, inventory, and sale of product by you. Also, "identify the method of identifying products for accounting purposes, including the specific products alleged in the Complaint, such that you can determine quantities sold, location of sales,

5

dates of sales and amount thereof. Also, "identify" and describe, as it relates to your accounting methods, your use of SKU numbers, style numbers, UPC numbers or any other identification of your Indian-style products.

    **ANSWER:**   A.J. Wright objects to Interrogatory No. 6 on the grounds that is not reasonably calculated to lead to the discovery of relevant evidence.  A.J. Wright further objects that this Interrogatory is compound and unintelligible as it is phrased.  Subject to and without waiving these or any other objections, A.J. Wright states as follows:

    In general, a buyer for A.J. Wright selects products from a vendor by filling out a handwritten purchase order.  The products are received by the A.J. Wright distribution center and the vendor provides A.J. Wright with an invoice.  The purchase orders and invoices for the products in the Complaint have previously been produced at D000001 – D000015.  The products are then sent to A.J. Wright's retail stores.  The products are tracked by style and department numbers.  SKU detail sheets with the style, department number, and detail of number of items shipped to each store have been previously produced regarding the products at issue in the Complaint at D000017 – D000036.  Further responding, A.J. Wright has no knowledge of any other Indian-style products at any of its retail establishments.  Investigation continues and A.J. Wright reserves its right to supplement its response.

    **INTERROGATORY NO. 7:**  "Identify" any advertising materials including, but not limited to, catalogs, brochures, sales literature, internet displays, or other written or oral representations which you use or have used to advertise, market, or display Indian or Indian-styled products.

    **ANSWER:**   A.J Wright objects to Interrogatory No. 7 on the grounds that is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. A.J. Wright further objects to this Interrogatory on the grounds that it is not limited in scope to

the retail establishments at issue in the Complaint. Subject to and without waiving these or any

other objections, A.J. Wright states as follows:

It did not advertise the products identified in the Complaint in any catalogs, brochures,

sales literature, internet displays or by other written or oral representations. Further responding,

A.J. Wright has no knowledge of any other Indian-style products at any of its retail

establishments. Investigation continues and A.J. Wright reserves its right to supplement its

response.

**INTERROGATORY NO. 8:** "Identify" the organizational and management structure of
your business operation including, but not limited to, the management of purchasing, inventory
control, marketing, advertising, and sales of Indian products or Indian style products and
"identify" documents relating thereto and state all names your company has done business as and
all parent, subsidiary, predecessor or affiliated companies.

**ANSWER:** A.J. Wright objects to Interrogatory No. 8 on the grounds that it is vague

and unintelligible. A.J. Wright does not know whether plaintiff is seeking an organizational

structure for all of A.J. Wright, for the retail stores in question, or for the specific departments

referenced above. A.J. Wright requests further clarification before responding further and/or

objecting.

**INTERROGATORY NO. 9:** State your gross profit, sales price and sales figures for
both the Northern District of Illinois and nationally in each of the years: 2003, 2004, 2005, 2006
and 2007 for each Indian product or Indian-style product you sold including, but not limited to,
all Indian-style products specified and made exhibits in the Complaint.

**ANSWER:** A.J. Wright objects to Interrogatory No. 9 on the grounds that it is

overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant

evidence. A.J. Wright further objects to this Interrogatory on the grounds that it is not limited in

scope to the retail establishments at issue in the Complaint. Subject to and without waiving these

or any other objections, A.J. Wright states as follows:

It is currently compiling the profit and sales information for the products identified in the

Complaint in the Northern District of Illinois and will supplement its response accordingly.

**INTERROGATORY NO. 10:**  If you assert that any products sold by you were manufactured by any member of an Indian tribe, a member of an Indian Arts and Crafts Organization, or a certified Indian artisan, as those terms were used in 25 U.S.C. § 305(e), identify such person including name, address, social security number, tribal affiliation, date of enrollment and identify documents that demonstrate such person's status.

**ANSWER:**    A.J. Wright does not claim that the products at issue in the Complaint

were manufactured by any member of an Indian tribe, a member of an Indian Arts and Crafts

Organization, or a certified Indian artisan, as those terms were used in 25 U.S.C. § 305(e).

**INTERROGATORY NO. 11:**  "Identify" any documents, forms, methods, procedures, and policies regarding your advertising, marketing or display of Indian products including but not limited to the attachment of tags, hangtags, backing cards other attached or affixed items to your products, as well as any alteration of said tags, hangtags, other attached or affixed items to your products, and including but not limited to any advertising, marketing or display of Indian products, through the internet, the national yellow page advertisements, catalogs, brochures, sales literature, live demonstrations or any written or oral representations which you use or have used in advertising or marketing Indian or Indian style products.

**ANSWER:**    A.J. Wright does not have polices regarding the advertising, marketing or

display of Indian-style products.  A.J Wright does provide instructions to its distribution center

and vendors who place A.J. Wright price tags on its products.  A sample of A.J. Wright

instructions is at D000037.    Investigation continues and A.J. Wright reserves its right to

supplement its response.

**INTERROGATORY NO. 12:**  "Identify" any wholesaler, manufacturer or supplier from whom you have purchased Indian products or Indian-style products, and describe the nature of these transactions and any affixation or alteration of tags, advertising tags or backing cards by you or any wholesaler, manufacturer or supplier of which you have knowledge.

**ANSWER:**    A.J. Wright objects to Interrogatory No. 9 on the grounds that it is compound.  Subject to and without waiving these or any other objections, A.J. Wright states as follows:

Subject to and without waiving its objections, A.J. Wright states that it purchased the products identified in the complaint from Trippie's Inc. and Lynn Roberts International.  A.J. Wright or the vendor placed a price tag on these products prior to putting them on its sales floors, but has no knowledge of the alteration of tags by its employees or any wholesaler, manufacturer or supplier.  A.J. Wright did not use any advertising tags or backing cards in the display of these products.  Further responding, A.J. Wright has no knowledge of any other Indian-style products at any of its retail establishments.   Investigation continues and A.J. Wright reserves its right to supplement its response.

**INTERROGATORY NO. 13:**  "Identify" all packaging used on any and all Indian products or Indian-style products since September 1, 2003 and any supplier or printer who provided you with catalogs, brochures, advertising or marketing materials, advertising tags, hangtags or backing cards, for the use in the sale of Indian products or Indian-style products by you, and identify what item was supplied by said entity.

**ANSWER:**    A.J. Wright objects to Interrogatory No. 13 on the grounds that it is overbroad, unduly burdensome and vague.  A.J. Wright further objects to this Interrogatory on the grounds that it is not limited in scope to the retail establishments at issue in the Complaint.  Subject to and without waiving these or any other objections, A.J. Wright states as follows:

A.J. Wright did not use any catalogs, brochures, advertising or marketing materials, advertising tags, hangtags or backing cards for use of the sale of the products identified in the complaint.  A.J. Wright did not select the packaging for the products at issue.  A.J. Wright does not recall the packaging used for the products in question, but plaintiff allegedly purchased the products and, therefore, should have the packaging.  Further responding, A.J. Wright has no

knowledge of any other Indian-style products at any of its retail establishments.   Investigation continues and A.J. Wright reserves its right to supplement its response.

**INTERROGATORY NO. 14:**   "Identify" all trademarks, trade names or lines of products which you or any retailer, wholesalers, distributor or sales representative has used or affixed to Indian-style product sold by you.

**ANSWER:**   A.J. Wright objects to Interrogatory No. 14 on the grounds that it is overbroad, unduly burdensome and vague.  A.J. Wright further objects to this Interrogatory on the grounds that it is not limited in scope to the retail establishments at issue in the complaint. Subject to and without waiving these or any other objections, A.J. Wright states as follows:

A.J. Wright did not use or affix any trademarks or trade names to any Indian-style products.  A.J. Wright has no knowledge as to what any third parties may have affixed to the products in question.  Further responding, A.J. Wright has no knowledge of any other Indian-style products at any of its retail establishments.   Investigation continues and A.J. Wright reserves its right to supplement its response.

**INTERROGATORY NO. 15:** "Identify" all trade or gift shows or similar shows where you advertised, marketed purchased or sold products which you or your representatives have attended in Illinois and identify all Indian products and Indian-style products purchased or sold at said shows as well as documents relating to said purchases or sales including, but riot limited to, invoices, purchase orders, product catalogs, number of units and purchase cost.

**ANSWER:**   A.J. Wright did not advertise, market, or sell any of the products identified in the complaint at trade or gift shows.  Further responding, A.J. Wright has no knowledge of any other Indian-style products at any of its retail establishments.   Investigation continues and A.J. Wright reserves its right to supplement its response.

**INTERROGATORY NO. 16:**  Describe and identify communications with any party, including any insurance company, retailer, wholesaler, distributor, sales representative or any other person or entity regarding any actual or proposed agreement, settlement or understanding

relating in any way to this litigation, including any joint defense, sharing of costs, expenses or attorneys fees, and identify by jurisdiction, case *name and case* number any declaratory action or other litigation filed regarding insurance coverage for any claims or third party claims made in this pending litigation.

**ANSWER:**   A.J. Wright objects to Interrogatory 16 on the grounds that it is not reasonably calculated to lead to the discovery of relevant evidence.  A.J. Wright further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine.  A.J. Wright also objects that this Interrogatory is compound and unintelligible as it uses the undefined term "understanding."  Subject to and without waiving these or any other objections, A.J. Wright states as follows:

In regards to this litigation, A.J. Wright and plaintiff have discussed settlement and all such discussions are confidential pursuant to Federal Rule of Evidence 408.  Further responding, no litigation has been filed regarding insurance coverage for any claims or third party claims made in this pending litigation.

**INTERROGATORY NO. 17:**   In regard to all insurance policies that you have purchased that have been. or were in effect as of September 1, 2003, identify the following for each policy:

a. The company providing the policy;

b. The policy number;

c. The dates the policy was in effect;

d. The coverage limits for each policy including for each occurrence and in the aggregate including but not limited to coverage limits for advertising injury as well as for products/completed operations;

e. Any documents regarding your demand, request or notification tender any insurance policy for a defense in any matter deriving from the underlying litigation; and

11

f.    Any documents regarding a response by an insurance company to a demand, request or notification for a defense in any matter deriving from the underlying litigation.

**ANSWER:**    A.J. Wright objects to Interrogatory 17 on the grounds that it is not reasonably calculated to lead to the discovery of relevant evidence. A.J. Wright further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these or any other objections, A.J. Wright states as follows:

A.J. Wright refers to its Rule 26(a) disclosures to which its insurance policy was attached.

**INTERROGATORY NO. 18**: "Identify' all persons you intend to have testify as an expert in this case and for each such witness, state:

a.    The substance of the facts and opinions to which the expert is expected to testify;

b.    A summary of the grounds and basis for each opinion. to be rendered;

c.    A summary of any oral reports rendered which have not been memorialized in writing;

d.    Whether a written report has been prepared and, if so, annex it to your answers together with all letters to and from the expert (including but not limited to letters defining the expert's duties/undertakings or containing any background facts) and all documents and other things provided to the expert for his or her consideration.

**ANSWER:**    A.J. Wright objects to Interrogatory 18 as premature. Subject to and without waiving this or any other objections, A.J. Wright states as follows:

If A.J. Wright retains an expert to testify in this case, it will provide the information required by Federal Rule of Civil Procedure 26(a)(2) at the time and sequence directed by the court.

**INTERROGATORY N0.19:**    If you use the internet to market, advertise or sell products, explain how you use the internet in said manner and state the following:

a.    Identify the date you began, continued and stopped using internet facilities to market, advertise or sell these products;

b.    Identify the person responsible for creating such internet facilities;

c.    Identify the person responsible for managing such internet facilities;

d.    Identify the dates of any changes made to such internet facilities and describe such changes as well as the identity of the person responsible for making such changes;

e.    State whether persons can purchase products directly through your internet facilities;

f.    If persons can not purchase products directly through your internet facilities state whether persons can get information from your website that allow them to purchase products from you; and g. Identify all documents relating to said use of internet facilities.

**ANSWER:**    A.J. Wright objects to Interrogatory No. 20 on the grounds that is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.  A.J. Wright further objects to this Interrogatory on the grounds that it is not limited in scope to the retail establishments at issue in the Complaint.   Subject to these and any other objections, A.J. Wright states as follows:

A.J. Wright has not used the internet to market, advertise or sell the products identified in the Complaint.   Further responding, A.J. Wright has no knowledge of any other Indian-style products at any of its retail establishments.   Investigation continues and A.J. Wright reserves its right to supplement its response.

**INTERROGATORY NO. 20:**  "Identify" all categories, style numbers, SKU numbers, UPC numbers or other identifying information regarding Indian style products, their sales, purchases, inventory and advertising and identify all documents related thereto.

13

**ANSWER**:    A.J. Wright objects to Interrogatory No. 20 on the grounds that is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. A.J. Wright further objects to this Interrogatory on the grounds that it is not limited in scope to the retail establishments at issue in the complaint.    Subject to these and any other objections, A.J. Wright states as follows:

All documents relating to the purchase and sale of the products identified in the Complaint have previously been produced at D000001 – D000036.  Further responding, A.J. Wright has no knowledge of any other Indian-style products at any of its retail establishments. Investigation continues and A.J. Wright reserves its right to supplement its response.

**INTERROGATORY NO. 21:**  "Identify" any transaction involving purchases, sales, transfers or inventorying of Indian style products with and among TJX Companies, Inc. and any subsidiary, affiliate or entity, managed or controlled by TJX Companies, Inc. or its affiliates including Concord Buying Group, Inc. and describe in detail the relationship.

**ANSWER:**    A.J. Wright objects to Interrogatory No. 21 on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. A.J. Wright further objects to this Interrogatory on the grounds that it is not limited in scope to the retail establishments at issue in the Complaint.  Subject to and without waiving these or any other objections, A.J. Wright states as follows:

A.J. Wright has not transferred any of the products in the Complaint with or among any other TJX Companies or any of its affiliates.  A.J. Wright cannot provide answers on behalf of any other companies.  Further responding, A.J. Wright has no knowledge of any other Indian-style products at any of its retail establishments.  Investigation continues and A.J. Wright reserves its right to supplement its response.

**INTERROGATORY NO. 22:** "Identify" any documents including training materials relating to handling customer inquires; placement of price tags on products; and recognizing and maintaining product warnings, limitations, disclaimers and restrictions.

**ANSWER:** A.J. Wright objects to Interrogatory No. 22 on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. For example, the handling of customer inquiries is not relevant or reasonably calculated to lead to the discovery. A.J. Wright further objects to this Interrogatory on the grounds that it is not limited in scope to the products at issue in the Complaint. Subject to and without waiving these or any other objections, A.J. Wright states as follows:

In regards to the placement of price tags on products only, A.J. Wright places the price tags of the majority of its merchandise at its distribution center. A generalized instruction form used by its employees is located at D000037. That instruction form is also sent to vendors who occasionally put A.J. Wright price tags on products before they are received by the stores. Investigation continues and A.J. Wright reserves its right to supplement its response.

**INTERROGATORY NO. 23:** "Identify" each person with whom you inquired of or discussed Native American Arts, Inc., its officers, its business, its attorneys Mullen & Foster or any cases involving Native American Arts, Inc. or its counsel including but not limited to *Native American Arts; Inc. v The Waldron Corporation* and relate all such communications and documents related thereto.

**ANSWER:** A.J. Wright objects to Interrogatory 23 to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

**INTERROGATORY NO. 24:** "Identify" any use of any disclaimer that a product is not Indian. made or an Indian product under 25 U.S.C. 305e in connection with an Indian-style product including the marketing and advertising thereof, the time period of any such use, the source, exact nature, use arid wording of any such disclaimer and any documents related thereto.

**ANSWER:** A.J. Wright refers plaintiff to the products and packaging in plaintiff's possession. A.J. Wright has no knowledge of any other Indian-style products at any of its retail

establishments.   Further responding, A.J. Wright states that the totality of the circumstances

makes it clear that the products in the Complaint were not authentic Indian made.

**CONCORD BUYING GROUP, INC.**
**d/b/a A.J. WRIGHT**

By: _____
     **One of Its Attorneys**

Matthew S. Miller (#6237701)
Cassandra M. Crane (#6288406)
**Much Shelist Denenberg**
  **Ament & Rubenstein, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606-1615
312-521-2000

## VERIFICATION

Under penalties of perjury, the undersigned hereby certifies, on behalf of Concord Buying Group, Inc., that the statements set forth in this instrument are true and correct, except as to matters stated to be on information and belief and as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

Bruce Cooper

## CERTIFICATE OF SERVICE

I, Cassandra M. Crane, an attorney, certify that on August 1, 2008, I served the foregoing

**Defendant's Answers to Plaintiff's First Set of Interrogatories** by depositing a copy in the

U.S. Mail, postage prepaid, addressed to the following:

>Michael P. Mullen
>Scott M. Kolosso
>MULLEN & FOSTER
>203 N. Wabash Ave., Suite 2300
>Chicago, IL  60601

Cassandra M. Crane



## GLASSWARE, VASES, ODD SHAPED GIFTWARE, ALL BATH ACCESSORIES, FRAGRANCE:





| | |
|---|---|
| TYPE OF TICKET: | GUM |
| METHOD OF ATTACHMENT: | GUM |
| PLACEMENT: | Bottom, in center. |

Note:   Surface must be flat.

## BOOKS:

| | |
|---|---|
| SITUATION: | ALL BOOKS |
| TYPE OF TICKET: | GUM |
| METHOD OF ATTACHMENT: | GUM |
| PLACEMENT: | Lower right corner back outside cover. |

## NOTE:   DO NOT COVER VENDOR PRICE.



# EXHIBIT H

**M U C H** *S H E L I S T*

ATTORNEYS AT LAW
191 N. WACKER DRIVE
SUITE 1800
CHICAGO, IL 60606.1615

T 312.521.2000
F 312.521.2200

www.muchshelist.com

DIRECT DIAL:
312.521.2687
jsherman@muchshelist.com

July 31, 2008

**Via Fax (312) 750-1651**

Mr. Michael P. Mullen
Mullen & Foster
203 N. Wabash Avenue, Suite 2300
Chicago, Illinois 60601

      Re:    Native American Arts v. A.J. Wright
              <u>Case No.  07-CV-7109</u>

Dear Mr. Mullen:

     I am working with Matt Miller and Casey Crane on this matter. We are writing in response to your letter dated July 28, 2008.

     Defendant will produce Bruce Cooper for a deposition as defendant's Rule 30(b)(6) witness in Framingham, Massachusetts, where the company is located and where he works. We will also produce Aimee Adams for her deposition in Framingham. The address of those employees is c/o The TJX Companies, Inc., 770 Cochituate Road, Framingham, MA 10701. Ms. Adams travels extensively and if you will provide dates in September that are convenient for you, we will attempt to arrange for the depositions on those dates. Given Ms. Adams' travel schedule (and she only infrequently comes to Chicago, with no scheduled Chicago visit on the horizon), the sooner you provide dates, the more likely we will be able to schedule her deposition in a timely manner.

     We stand by our objection to your taking the depositions of Sherry Cortez and Tia Anderson at this time when there has been no showing that they have any knowledge regarding the transactions that are the subject of the complaint. You have articulated no basis for your supposition that they have discoverable information, and we do not believe they have discoverable information. We request that you withdraw the notices for their depositions without prejudice, and review defendant's written discovery responses as well as the testimony of the deponents identified above before deciding whether the depositions are necessary.

Much Shelist Denenberg Ament & Rubenstein, P.C.



**MUCH** *SHELIST*

Mr. Michael P. Mullen
July 31, 2008
Page 2

_____

     Finally, we again request that you provide dates in August on which Matthew Mullen will be available for his deposition.

                          Very truly yours,

                          Jonathan D. Sherman

JDS:jak
cc:    Matthew S. Miller
       Cassandra M. Crane

# EXHIBIT I

**M U C H** *S H E L I S T*

ATTORNEYS AT LAW
191 N. WACKER DRIVE
SUITE 1800
CHICAGO, IL 60606.1615

T 312.521.2000
F 312.521.2200

www.muchshelist.com

DIRECT DIAL:
312.521.2718
ccrane@muchshelist.com

August 7, 2008

**VIA FACSIMILE: (312) 750-1651**

Mr. Michael Mullen
MULLEN & FOSTER
203 N. Wabash
Suite 2300
Chicago, IL 60603

   **Re:**  *NAA v. A.J. Wright, Case No. 07-cv-7109*

Dear Mike:

  I am writing to follow up on our meeting today.

  First, regarding the documents produced by A.J. Wright in its Rule 26 disclosures and in response to plaintiff's document requests, you have requested an explanation of the documents, specifically the SKU detail sheets at D000017 – D000036. It is always our goal to cooperate and facilitate the discovery process, but we do not believe it is appropriate for counsel to provide an explanation of these evidentiary documents. We have previously identified our Rule 30(b)(6) witness, Bruce Cooper, and Aimee Adams as an A.J. Wright employee with knowledge regarding this case. They are the appropriate individuals to provide an explanation of A.J. Wright's documents. Per Jon Sherman's letter to you, dated August 31, 2008, once you provide available dates, we will work with you to schedule the depositions at a mutually convenient time.

  Second, as I indicated to you, we will supplement our responses to Interrogatories where appropriate, but at this time we have provided you with all of the information that we have. You said you are aware of at least 10 additional products not identified in the Complaint. Please provide us with information regarding those products so we can investigate and, if appropriate, supplement our discovery responses. Also, please provide me the specific style number that you previously asked me to follow up on.

  Third, we have not heard back from you regarding the depositions of Sherry Cortez and Tia Anderson. As we previously stated, these A.J. Wright employees do not have any information regarding this lawsuit, and accordingly, we object to producing them for depositions.

Much Shelist Denenberg Ament & Rubenstein, P.C.



INTERNATIONAL
ALLIANCE
OF LAW FIRMS

**M U C H** *S H E L I S T*

Mr. Michael Mullen
August 7, 2008
Page 2

_____

As you have not agreed to withdraw their notices, we will file a motion to quash on Monday, August 11th if we do not hear from you.

Lastly, per our conversation, please provide us with a date that Matthew Mullen will be available for his deposition in the beginning of September. The deadline for fact discovery in this case is October 1, 2008. We want to go forward with Matthew's deposition as soon as possible after receiving and reviewing your responses to written discovery. We propose September 4th to go forward with his deposition. Please let me know by tomorrow if this date will work.

Sincerely,

Cassandra M. Crane