IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIVE AMERICAN ARTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Judge Pallmeyer |
| | ) | |
| v. | ) | Case Number 07 C 7109 |
| | ) | |
| A.J. WRIGHT, A DIVISION OF THE TJX COMPANIES, INC., | ) ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |

**PLAINTIFF NATIVE AMERICAN ARTS, INC.'S RESPONSE TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

NOW COMES Plaintiff Native American Arts, Inc., by its attorneys, Michael P. Mullen and Scott M. Kolosso of the law firm of Mullen & Foster, and for its Response to Defendant A.J. Wright, a division of the TJX Companies, Inc.'s, Motion for a Protective Order, states as follows:

Plaintiff hereby responds to Defendant's Motion for a Protective Order, which seeks to prevent appropriate discovery designed to lead to and acquire relevant evidence. Defendant summarily asserts that the depositions of a store manager and assistant store manager at two stores that sold some of the products at issue will not reveal any relevant evidence or lead to relevant evidence and should be prevented. Plaintiff strongly disagrees. Defendant fails to point out that some products at issue in this case had attached disclaimer tags affixed by suppliers stating that the products at issue were not Indian made. Those disclaimer tags were concealed by A.J. Wright employees covering up those tags with other tags. Inquiry will be made about the sale of products at these stores with concealed disclaimers; the existence and application of

1

procedures and practices regarding disclaimers and warning as applied at these stores by store management; and investigation regarding the transactions at issue at those stores.

In addition, customer inquires regarding the products purchased are an important issue. False representations were made by store personnel that the products at issue were Indian made. Inquiry will be made regarding the practices and procedures regarding responding to such customer inquires as applied at these stores and involving the transactions at issue. Inquiry will also be made to investigate these transactions at the store level. Other relevant areas regarding these transactions at these stores will be explored.

Defendant suggests waiting until after the deposition of other out of town witnesses from company headquarters. Those witnesses will not have direct knowledge about the transactions at these stores and the in-store application of the practices and procedures as to the transactions at issue. So completion of other depositions will not change the need or desire for these depositions, but only delay them and disrupt Plaintiff's discovery. Plaintiff has not been able to even schedule those out of town depositions yet because of problems in getting written discovery from Defendant before conducting those out of town witnesses' depositions. In addition, Plaintiff has reviewed Defendant's responses to its discovery requests which it deems inadequate. That review only reinforced Plaintiff's need and desire to take these local depositions as soon as possible.

Finally, Plaintiff rejects Defendant's curious approach that Plaintiff can only pursue discovery approved by Defendant or in an order and sequence directed by Defendant.

Therefore, the Court should deny Defendant's Motion for a Protective Order to quash the deposition.

Respectfully submitted,

/s/ Michael P. Mullen_____
One of the attorneys for Plaintiff

Michael Patrick Mullen
Scott M. Kolosso
MULLEN & FOSTER
203 N. Wabash Ave., Ste. 2300
Chicago, IL 60601